IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS B. STALELY | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 06-2491 |
| CATHOLIC HEALTH EAST, et al. | : |
| Defendants. | : |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                           **JANUARY 30, 2007**

      Before this Court is a Motion to Dismiss filed by Catholic Health East ("CHE"), the Defendant. CHE has filed this Motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asking this Court to dismiss the Complaint because Plaintiff, Douglas B. Stalley, lacks constitutional standing. Upon consideration of CHE's Motion to Dismiss, Plaintiff's Response thereto, and a Reply and Notice of Supplemental Authority filed by CHE, this Court grants the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). As the Motion is disposed of for lack of subject matter jurisdiction, discussion of the Complaint's sufficiency is unnecessary.

**I.     Background**

      Plaintiff, a Florida resident, filed this suit on behalf of the United States of America against Defendants to recover conditional payments Medicare made to these Defendants. He claims that "[o]n numerous occasions, CHE, by and through its employees and agents, caused harm to Medicare recipients who were patients in CHE's hospitals, thereby triggering legal obligation on the part of CHE" to pay the expenses themselves, and not charge Medicare.

(Compl., 3-4). Plaintiff believes that CHE improperly charged Medicare for costs that they were responsible to pay. Plaintiff admits that "the United States government is the injured party" in this action. (Pl. Mem. in Opp. 9). He does not claim that he was injured by CHE's conduct.

CHE is a corporation operating hospitals in Pennsylvania that participate in the Medicare program. The corporation partially carries its own professional liability insurance through the use of self-insurance plans, self-insurance retention, and captive insurance subsidies. CHE owns either wholly or partially the Preferred Professional Insurance Company and Advocate Insurance Resources, SPC, the other Defendants in this action.

Medicare is a government program that provides health insurance benefits to those above 65 years of age, the disabled, and those with end-stage renal disease. 42 U.S.C. § 1395c. In the 1980s, rising Medicare costs prompted Congress to enact the Medicare Secondary Payer Act ("MSP") to make the government a secondary payer to other insurance that Medicare recipients may possess. The statute states that a Medicare payment "may not be made . . . with respect to any item or service to the extent that payment has been made or can reasonably be expected to be made" by a primary payer. 42 U.S.C. § 1395y(b)(2)(A). Self-insured entities like CHE that carry their own risk are considered "primary payers." 42 U.S.C. § 1395y(b)(2)(A)(ii).

Medicare issues conditional payments in situations where the primary payer has not made or cannot reasonably be expected to make payment promptly with the understanding that the primary plan will reimburse Medicare if responsible for the cost. 42 U.S.C. § 1395y(b)(2)(B). Congress provided two causes of action in the MSP to enforce repayment. First, the government may sue primary payers to recover money owed to Medicare and collect double damages. 42 U.S.C. § 1395y(b)(2)(B)(iii). Secondly, private citizens are authorized to sue primary payers to

recover money owed and collect double damages.  42 U.S.C. § 1395y(b)(3)(A).  Plaintiff brings this suit under the private cause of action.

## II.     Standard of Review

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), tests whether the district court has subject matter jurisdiction over the action before it.  5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004).  Subject matter jurisdiction is a threshold matter, and this Court of limited jurisdiction must determine if it has the right to declare the law in all cases presented before it.  Steel co. v. Citizens for a Better Envir., 523 U.S. 83, 94 (1998).  A court considering a motion to dismiss under Rule 12(b)(1) must first determine whether the defendant is making a facial or factual attack on jurisdiction.  In a factual attack, a defendant argues that the court lacks subject matter jurisdiction in fact, apart from the sufficiency of the pleadings.  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir.1977).  "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Mortensen, 549 F.2d at 891. "[N]o presumptive truthfulness attaches to plaintiff's allegations[.]"  Id.

## III.    Discussion

CHE alleges that this Court lacks subject matter jurisdiction over this action because Plaintiff has not suffered any injury, and therefore, he lacks the constitutional standing necessary to bring this action.  Article III, section 2 of the Constitution limits federal court jurisdiction to the resolution of cases and controversies.  Lujan v. Defenders of Wildlife, 405 U.S. 555, 560 (1992).  Standing is an essential and unchanging part of the case or controversy requirement.  Id. "A plaintiff must meet three requirements in order to establish Article III standing."  Vt. Agency

of Natural Res. v. United States ex rel Stevens, 529 U.S. 765, 771 (2000).  "First, he must demonstrate 'injury in fact'—a harm that is both 'concrete' and actual or imminent, not conjectural or hypothetical." Id.; Lujan, 405 U.S. 560-61.  Secondly, a plaintiff must establish the causal connection between the injury suffered and the alleged conduct of the defendant.  Id.  Thirdly, he must demonstrate that the requested relief will remedy the alleged injury.  Id.

Plaintiff does not claim that he suffered an injury.  He admits that the United States is the only injured party in this action.  Regardless, he believes that he has standing to bring this action.  He claims that the MSP private cause of action is really a qui tam action.  A qui tam cause of action allows a private person to bring a claim on behalf of himself and the government for an injury that the government has suffered.  See 31 U.S.C. §§ 3729–3733 (the False Claims Act).  "[T]here is no common law right to maintain a qui tam action; authority must always be found in legislation." Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 84 (2d Cir. 1972) (citing United States ex rel. Marcus v. Hess, 317 U.S. 537, 541 (1943)).  While "Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules, . . . the plaintiff still must allege a distinct and palpable injury to himself." Warth v. Seldin, 422 U.S. 490, 501 (1975).  In a true qui tam action, the plaintiff has standing because the United States is viewed as having partially assigned its right to the claim to a private citizen.  Vt. Agency, 529 U.S. at 773.  Unless the plaintiff has been assigned to the government's injury by statute, he must establish that he suffered an injury in fact.

The False Claims Act ("FCA") is the most notable qui tam action.  The language of the FCA states that private parties have the right to sue on behalf of the United States.  It states:

A person may bring a civil action for a violation of section 3729 for the person and for

> the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

31 U.S.C. § 3730(b)(1).  Unlike the FCA, the MSP does not expressly authorize a private person to sue on behalf of the government.  Rather it provides two distinct causes of action for violation of the statute.  The MSP states that "[t]here is established a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement)." 42 U.S.C. § 1395y(b)(3)(A).  In a separate section, the MSP states that "the Unites States may bring an action against any or all entities that are or were required or responsible . . . to make payment with respect to the same item or service (or any portion thereof) under a primary plan." 42 U.S.C. § 1395y(b)(2)(B)(iii).  Neither of these clauses of the MSP expressly grants Plaintiff a right to sue on behalf of the United States.  Plaintiff argues that when read in conjunction, the sections create an implied qui tam cause of action.  However, the case law is clear that qui tam actions only arise by express statutory language.  See Conn. Action Now, Inc., 457 F.2d at 84.  The MSP does not expressly authorize Plaintiff to sue on behalf of the United States government.

In addition, there is no evidence to suggest that Congress intended for the MSP to be a qui tam statute.  The MSP was amended at the same time that the FCA was amended.  Congress added the private cause of action to the MSP, while also including a qui tam provision in the FCA statute.  See Omnibus Budget Reconciliation Act of 1986, Pub. L. No 99–509, § 9319, 100 Stat. 1874 (1986); False Claims Amendments Act 1986, Pub. L. No. 99–562, 100 Stat. 3153 (1986).  Thus, if Congress intended to add a qui tam provision to the MSP, it knew how to do so. The fact that no qui tam provision was added suggests that Congress did not intend to create a

qui tam claim when it enacted the MSP private right of action.  <u>See</u> <u>generally</u> <u>Touche Ross & Co. v.Redington</u>, 442 U.S. 560, 570-71 (1979) (discussing how Congressional inclusion of a private remedy in one section, and exclusion in another section showed that Congress did not intend for private remedy to apply to second section).

      Finally, the MSP lacks similar procedural safeguards to the ones present in the FCA. Congress ensured that the executive branch retained sufficient control over FCA qui tam actions. The FCA requires that qui tam plaintiffs or relators provide the government a copy of the complaint under seal and allow the government to intervene and take over the action should the government so choose.  31 U.S.C. § 3730(c).  The MSP contains no such safeguards.

      The MSP does not grant Plaintiff, a private citizen, the right to sue on behalf of the United States.  Two separate causes of action are created; one allowing the government to sue and a separate one allowing private citizens to sue primary payers who have failed to pay for or reimburse Medicare.  The MSP is not a qui tam statute.  Consequently, Plaintiff must satisfy this Court that he has standing to bring this action.  He must establish that he has suffered an injury in fact.  He cannot rely on an injury to the United States to give him standing.  Since Plaintiff does not claim that he was injured, he does not have standing to bring this claim.  The Motion to Dismiss is granted, and the Complaint is hereby dismissed with prejudice.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DOUGLAS B. STALLEY | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 06-2491 |
| CATHOLIC HEALTH EAST, et al. | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 30th day of January, 2007, upon consideration of Defendant Catholic Health East's Motion to Dismiss (Doc. No 4), and the Response and Reply thereto, it is hereby **ORDERED** that the Motion is **GRANTED**, and the Complaint is dismissed with prejudice.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY,      Sr. J.